IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MERCEDES F. SCOTT,

    Plaintiff,

  v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                         /

No. C 09-01165 WHA

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

       Under Rule 41(b) of the Federal Rules of Civil Procedure, if a plaintiff fails to prosecute her case or to comply with a court order, her action may be dismissed for failure to prosecute. On March 17, 2009, plaintiff filed her complaint for judicial review of the decision by the Secretary of Health and Human Services denying plaintiff social security benefits (Dkt. No. 1). Defendant, after receiving service of the summons and complaint, filed an answer on July 13, 2009, and properly served that answer on plaintiff (Dkt. No. 11).

       Under Civil Local Rule 16-5, plaintiff then had thirty days to file a motion for summary judgment or for remand. Plaintiff did not file a summary judgment motion within thirty days, and an order to show cause was filed and served upon plaintiff on September 25, 2009, directing plaintiff to explain by October 15, 2009 why no motion had been filed (Dkt. No. 13). Plaintiff filed a timely response that she did not know that she had to file a summary judgment motion within thirty days (Dkt. No. 14).

This explanation was accepted, and plaintiff was given an extension until November 20, 2009, to file her summary judgment motion (Dkt. No. 14). In the order granting this extension, plaintiff was specifically informed, in plain language, of (1) the new deadline to file her summary judgment motion, (2) the specific types of arguments she needed to make in her summary judgment motion, (3) the fact that she would need to file a reply once an opposition was filed, and (4) the consequences of not filing a timely motion – namely, dismissal. The order, which was also served on plaintiff, encouraged plaintiff to seek legal representation to help her in this process.

It is now December 3, 2009, and plaintiff has still not filed her summary judgment motion. Ample time has been allowed beyond the November 20, 2009, deadline to allow mailed correspondence to arrive. As such, the Court has no choice but to dismiss this action under FRCP 41(b) for failure to prosecute. **THE CLERK SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: December 3, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE